## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

DAVID ZAVALA,              )
                                   )
     **Plaintiff,**            )
                                   )
**v.**                            )     **CIVIL ACTION NO.**
                                 )     **5:19-CV-00383-TES-CHW**
**COMMISSIONER TIMOTHY C.**  )
**WARD, ET AL**            )
                                 )
     **Defendants.**          )

## <u>AFFIDAVIT OF JOHANNES GOODY</u>

Personally appeared before the undersigned attesting officer duly authorized by law to administer oaths, came Johannes Goody who after first being sworn, states the following:

1.

My name is Johannes Goody and I am competent in all respects to testify to the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true and give this affidavit freely and for use as evidence in the above-styled case.

2.

I have been employed by the Georgia Department of Corrections ("GDC") as a counselor at the Georgia Diagnostic and Classification Prison ("GDCP") and the Special Management Unit ("SMU") in Jackson, Georgia since 2017.

3.

Before 2019, GDCP and the SMU, were considered to be one single prison institution by the GDC. In 2019, the GDC separated GDCP and the SMU so that they became two different prisons. However, the grievance procedure at the SMU is still

administered by GDCP staff. As a counselor at GDCP/SMU, I work with and am familiar with the GDC's grievance process and always follow its established procedures.

5.

The grievance process is subject to explicit guidelines and is available to all inmates. A true and correct copy of the version of GDC SOP 227.02 which governed the Statewide Grievance Procedure from February 26, 2018 to May 9, 2019 ("SOP No. 1") is attached to this affidavit as Exhibit "A".   A true and correct copy of the version of GDC SOP 227.02 ("SOP No. 2") which has governed that Statewide Grievance Procedure from May 10, 2019 to the present is attached to this affidavit as Exhibit "B".

6.

Upon admission to GDC, all inmates receive an oral explanation (orientation) of the grievance process and an outline of the process in their copy of the inmate Orientation Handbook.

7.

Inmates may also review the entire SOP for the grievance process, which is located in the law library of each GDC facility.

8.

Both attached versions of SOP 227.02 provide that inmates may grieve "any condition, policy, procedure, or action or lack thereof that affects the offender personally," other than those issues specifically excluded in the policy. (Exhibit "A", Sec. IV.B.1; Ex. "B", Sec. IV.B.1). The only issues specifically excluded by the grievance policy are matters that do not affect the offender personally, matters over which GDOC has no control (including parole decisions), disciplinary actions, involuntary assignments

to administrative segregation, charges assessed for health care, transfers of offenders between institutions, and changes to housing assignments, program assignments or work assignments. (Exhibit "A", Sec. IV.B.2; Exhibit "B", Sec. IV.B.2).

9.

There are separate review and appeal processes for disciplinary matters, involuntary assignments to administrative segregation, and charges assessed for health care.

10.

Per both attached versions of SOP 227.02, exhaustion of the GDC grievance procedure requires completion of a two-step process: (1) filing an Original Grievance, which the Warden must respond to within 40 days; and (2) filing a Central Office Appeal to the Office of the Commissioner, which must be responded to within 100 days. (Exhibit "A", Sec. IV.C and IV.D; Ex. "B", Sec. IV.C and IV.D).

11.

Original grievance forms are available in all living units and in the counselors' offices during business hours. Inmates in isolation and segregation areas are provided grievance forms upon request by staff assigned to those areas.

12.

Per both attached versions of SOP 227.02, to properly begin the grievance process, an inmate must file an Original Grievance no later than 10 calendar days from the date the offender knew, or should have known, of the facts giving rise to the grievance. (Exhibit "A", Sec. IV.C.1b-d; Ex. "B", Sec. IV.C.1b-d).   Both attached versions of SOP 227.02 specifically provide that the Warden/Superintendent or his/her

designee should reject the grievance is it raises more than one (1) issue/incident. (Ex. 'A", Sec. IV.C.1.e.ii.4; Ex. "B", Sec. IV.C.1.e.ii.4).

13.

Per both attached versions of SOP 227.02, after completing the original Grievance Form, the inmate must sign the form and provide it to a counselor. (Exhibit "A", Sec. IV.C.1; Ex. "B", Sec. IV.C.1.). Immediately upon receipt of a grievance, the counselor must give the inmate the receipt from the bottom of the grievance form. (Ex. "A", Sec. IV.C.1.c; Ex. "B", Sec. IV.C.1.d). The counselor must then forward the form to the Grievance Coordinator. (Exhibit "A", Sec IV.C.1.e.; Ex. "B", Sec. IV.C.1.e). The Grievance Coordinator performs an initial screening of the grievance, in order to determine whether to accept it or recommend that the Warden reject it. (Exhibit "A", Sec. IV.C.1.e; Ex. "B", Sec. IV.C.1.e). If either the Grievance Coordinator or the Warden accepts the grievance, the Grievance Coordinator then appoints appropriate staff to investigate the inmate's complaint. (Exhibit "A", Sec. IV.C.1.e; Ex. "B", Sec. IV.C.1.e).

14.

Per both attached versions of SOP 227.02, after the investigation of the grievance has been completed, the Grievance Coordinator reviews the investigation and submits a recommended response to the Warden. (Exhibit "A", Sec. IV.C.1.f; Ex. "B", Sec. IV.C.1.f). The Warden, or the Warden's designee, then reviews the grievance file and issues a decision on the grievance. (Exhibit "A", Sec. IV.C.1.f.; Ex. "B", Sec. IV.C.1.f.).

15.

Per both attached versions of SOP 227.02, the Warden, or the Warden's designee, has 40 calendar days from the date the offender filed the grievance to deliver his or her

decision to the inmate. However, a one-time, 10-calendar-day extension of this deadline may be granted prior to the expiration of the initial, 40-calendar-day deadline. (Exhibit "A", Sec IV.C.1.g.; Ex. "B", Sec. IV.C.1.g).

16.

Per both attached versions of SOP 227.02, an inmate may file a Central Office Appeal if (1) after the Warden, or his/her designee, renders a decision on the Original Grievance or (2) if the time allowed for the Warden's decision on the Original Grievance has expired without any decision being given to the inmate.  (Exhibit "A", Sec. IV.C.2; Ex. "B", Sec. IV.C.2).

17.

Per both attached versions of SOP 227.02, an inmate who wishes to file a Central Office Appeal must do so within seven calendar days from the date he receives the response to the Original Grievance. (Exhibit "A", Sec. IV.C.2; Ex. "B", Sec. IV.C.2). If the time allowed for the Warden to respond to the Original Grievance has expired without the inmate receiving a response to the grievance, the inmate may file a Central Office Appeal, or, alternatively, the inmate may wait until he receives a decision on the Original Grievance, and then file a Central Office Appeal. (Exhibit "A", Sec.; IV.C.2 Ex. "B", Sec. IV.C.2).

18.

Per both attached versions of SOP 227.02, to file a Central Office Appeal the inmate must complete and sign the Central Office Appeal Form and provide it to his counselor. (Exhibit "A", Sec IV.C.2.; Ex. "B", Sec. IV.C.2). The counselor must then sign and date the Central Office appeal form, give the inmate the receipt, and then

provide the Central Office Appeal Form to the Grievance Coordinator, who must, in turn, forward it, along with other documents, to Central Office. (Exhibit "A", Sec. IV.C.2; Ex. "B", Sec. IV.C.2).

19.

Per both attached versions of SOP 227.02, the GDC Commissioner, or his/her designee, has 100 calendar days after receiving the appeal to deliver a decision to the inmate. (Exhibit "A", Sec. IV.C.2; Ex. "B", Sec. IV.C.2). This completes the grievance procedure.

20.

I understand that former SMU inmate David Zavala, GDC Number 1000727033, ("Zavala") filed a lawsuit on September 23, 2019 in which he alleged that while housed at the SMU, (1) excessive force was used on him on December 31, 2018 (2) he was denied his due process rights (3) he was subjected to unconstitutional conditions of confinement (4) various prison officials retaliated against him based upon his filing of grievances and (5) various prison officials were deliberately indifferent to his serious medical needs.  Inmate Zavala arrived at GDCP/SMU on October 5, 2018 and I was his counselor for much of the time he was housed at GDCP/SMU.

21.

I have attached a true and correct copy of inmate Zavala's Grievance History maintained in the GDC computer system OTIS to this affidavit as Exhibit "C".

22.

I understand that Zavala attached to his lawsuit Grievance receipts and Grievance appeal receipts which purport to show that I (and one GDCP counselor whose name is

- 6 -

illegible) failed to process his grievances at the institutional level and failed to forward Zavala's purported appeals to the Central Office. When an inmate files a grievance or a grievance appeal, he is given at the time a grievance receipt or grievance appeal receipt from the counselor receiving the grievance or grievance appeal per the GDC Grievance Standard Operating Procedure. These grievance receipts and grievance appeal receipts are simply small pieces of paper that are torn off of the grievance form, filled out by the counselor and given to the inmate. However, inmates can and do fabricate false grievance receipts and grievance appeal receipts.

23.

On January 9, 2019, Zavala filed Grievance Number 281509, in which he claimed that "on December 31, 2018, after an improper cell extraction, DWS Mr. Polite placed me on strip cell and packed my property without doing a proper inventory much less issuing an inventory form." On February 7, 2019, the Warden's office denied Grievance Number 281509, and Zavala did not appeal the Warden's denial of Grievance Number 281509 to the Central Office. A true and correct copy of Grievance Number 281509 is attached hereto as Exhibit "D".

24.

On January 9, 2019, Zavala filed Grievance Number 281515, in which he claimed (1) that on December 31, 2018, he was subjected to an excessive of force during a cell extraction and (Ex. "E", pg. 5) (2) and that his constitutional rights had been violated in various ways, including the requirement of a five-man escort, not receiving hot meals if he is fed at all, not receiving a shower on January 4, 2019, not receiving cell sanitation since January 2, 2019, and not receiving daily recreational yard time. (Ex. "E", pg. 6).

On January 23, 2019, Grievance Number 281515 was forwarded to the GDC Criminal Investigations Division for review, and the grievance was closed. A true and correct copy of Grievance Number 281515 is attached hereto as Exhibit "E".

25.

I have attached a copy of Zavala's exhibits A-1, A-2, A-3 and A-4 to his Complaint to this affidavit as Exhibit "F". Exhibit A-4 purports to be a grievance appeal receipt that I signed on February 1, 2019 for Grievance Number 281515. (Ex. "E"). However, Grievance Number 281515 was closed on January 23, 2019 when it was sent to the GDC Criminal Investigation Division. I did not receive a grievance appeal from Zavala for Grievance Number 281515, nor did I complete the grievance appeal receipt attached to his Complaint as Exhibit A-4. Had Zavala given me a grievance appeal for Grievance Number 281515 on or about February 1, 2019, I could not have forwarded it to the Central Appeals office because Grievance Number 281515 closed out on January 23, 2019.

26.

On January 28, 2019, Zavala filed Grievance Number 282680, in which he alleged that his constitutional rights were being violated while housed in the SMU in that he was denied hot meals, the right to shower, out of cell time, proper sanitation, the opportunity to use the clippers to shave, and the opportunity to receive medical care. On March 8, 2019, the Warden's office denied Grievance Number 282680, and Zavala did not appeal the Warden's denial of Grievance Number 282680 to the Central Office. A true and correct copy of Grievance Number 282680 is attached hereto as Exhibit "G".

- 8 -

27.

I have attached a copy of Zavala's exhibits C-1, C-2, C-3 and C-4 to his Complaint to this affidavit as Exhibit "H". Exhibit C-4 purports to be a grievance appeal receipt that I signed on March 18, 2019 for Grievance Number 282680. (Ex. "G"). I did not receive a grievance appeal from Zavala for Grievance Number 282680, nor did I complete the grievance appeal receipt attached to his Complaint as Exhibit C-4. Had Zavala given me a grievance appeal for Grievance Number 282680 on or about March 18, 2019, I would have immediately forwarded it to the Central Appeals office for processing.

28.

On February 13, 2019, Zavala filed Grievance Number 283697, in which he alleged that his constitutional rights were being violated while housed in the SMU in that he required a five-man escort, and denied hot food, the opportunity to shower, out of cell time and cell sanitation. On April 15, 2019, the Warden's office denied Grievance Number 283697, and Zavala did not appeal the Warden's denial of Grievance Number 283697 to the Central Office. A true and correct copy of Grievance Number 283697 is attached hereto as Exhibit "I".

29.

I have attached a copy of Zavala's exhibits D-1, D-2, D-3 and D-4 to his Complaint to this affidavit as Exhibit "J". Exhibit D-4 purports to be a grievance appeal receipt that I signed on April 1, 2019 for Grievance Number 283697. (Ex. "I"). I did not receive a grievance appeal from Zavala for Grievance Number 283697, nor did I complete the grievance appeal receipt attached to his Complaint as Exhibit D-4. Had

Zavala given me a grievance appeal for Grievance Number 283697 on April 1, 2019, I would have immediately forwarded it to the Central Office for processing.

30.

On March 28, 2019, Zavala filed Grievance Number 285957, in which he alleged that he had not yet received a response to Grievance Number 2815145 regarding the use of force and that he was still being denied out of cell time, cell sanitation and kiosk sessions. Zavala also claimed that "many more retaliatory actions have been taken on my person all year." On April 24, 2019, the Warden's office rejected Grievance Number 285957 on the grounds that it contained more than one issue/incident. On May 1, 2019, Zavala signed the grievance appeal for Grievance Number 285957, and Zavala's Grievance Appeal for Grievance Number 285957 was apparently received by a GDCP/SMU counselor on May 6, 2019. On August 13, 2019, the Central Office responded to Zavala's appeal by stating that the "A member of my staff has reviewed your grievance. This review revealed that you failed to follow the proper procedure for filing a formal grievance. Policy states that the complaint on the grievance form must be a single issue/incident. You have noted more than one issue. The grievance was rejected at the institutional level in accordance with policy. In addition, Grievance Number 281515 forwarded to the Criminal Investigation Division for further review. Therefore, this grievance is denied." A true and correct copy of Grievance Number 285957 is attached hereto as Exhibit "K".

31.

On March 28, 2019, Zavala filed Grievance Number 285962, in which he alleged that he was being denied out of cell time, kiosk time, had to endure illness from paint

from February 11, 2019 to March 12, 2019 and that he was moved to a cell covered in feces. On May 15, 2019, the Warden's office denied Grievance Number 285962, and Zavala did not appeal the Warden's denial of Grievance Number 285962 to the Central Office. A true and correct copy of Grievance Number 285962 is attached hereto as Exhibit "L".

32.

I have attached a copy of Zavala's exhibits F-1, F-2, F-3 and F-4 to his Complaint to this affidavit as Exhibit "M". Exhibit purports to be F-4 is a grievance appeal receipt that I signed on May 7, 2019 for Grievance Number 285962. (Ex "L"). I did not receive a grievance appeal from Zavala for Grievance Number 285962, nor did I complete the grievance appeal receipt attached to his Complaint as Exhibit F-4. Had Zavala given me a grievance appeal for Grievance Number 285962 on May 7, 2019, I would have immediately forwarded his grievance appeal to the Central Office for processing.

33.

On May 6, 2019, Zavala filed Grievance Number 288104, in which he alleged that he alleged that his personal property had been improperly seized and that "this is evidentially being done in retaliatory action for attempting to file previous grievances." On July 1, 2019, the Warden's office rejected Grievance Number 288104 on the grounds that it was filed out of time, and Zavala did not appeal the Warden's denial of Grievance Number 288104 to the Central Office. A true and correct copy of Grievance Number 288104 is attached hereto as Exhibit "N".

- 11 -

34.

I have attached a copy of Zavala's exhibits G-1, G-2, G-3 and G-4 to his Complaint to this affidavit as Exhibit "O". Exhibit G-4 purports to be a grievance appeal receipt signed by a GDCP counselor whose name cannot be read on July 19, 2019 for Grievance Number 288104. (Ex. "N").

35.

On June 13, 2019, Zavala filed Grievance Number 290298, in which he alleged that he was being denied his prescription eye contacts and being denied medical care for his eyes. On July 12, 2019, the Warden's office denied Grievance Number 290298, and Zavala did not appeal the Warden's denial of Grievance Number 290298 to the Central Office. A true and correct copy of Grievance Number 290298 is attached hereto as Exhibit "P".

36.

I have attached a copy of Zavala's exhibits H-1, H-2, H-3 and H-4 to his Complaint to this affidavit as Exhibit "Q". Exhibit H-4 purports to be a grievance appeal receipt that was given to him on July 19, 2019 for Grievance Number 290298. (Ex. "P"). However, Zavala's exhibit H-4 does not have Grievance Number 290298 on it, nor is it signed by a GDCP counselor. I did not receive a grievance appeal from Zavala for Grievance Number 290298, nor did I complete the grievance appeal receipt attached to his Complaint as Exhibit H-4. Had Zavala given me a grievance appeal for Grievance Number 290298, I would have signed the grievance appeal form and immediately forwarded it to the Central Appeals office for processing.

37.

On August 9, 2018, Zavala filed Grievance Number 293815, in which he alleged that he was subjected to five-man escorts, very cold temperatures, inmates throwing feces and toxic smoke.   On September 16, 2019, the Warden's office rejected Grievance Number 293815 on the grounds that it contained more than one issue/incident, and Zavala did not appeal the Warden's rejection of Grievance Number 293815 to the Central Office.   A true and correct copy of Grievance Number 293815 is attached hereto as Exhibit "R".

38.

Besides the Grievances discussion in herein, Zavala did not file any other grievances from October 5, 2018, the date on which he arrived at GDCP/SMU to September 23, 2019, the date on which he filed his lawsuit.

39.

I have attached a copy of Zavala's exhibits I-1, I-2, I-3, I-4, I-5, I-6, I-7 and I-8 to his Complaint to this affidavit as Exhibit "S".   Exhibits I-1 through I-8 purport to be grievance receipts that Zavala gave to me in March, April and May of 2019 for which I allegedly failed to process his grievances.   At no time did I ever receive a grievance or grievance appeal from Zavala and fail to immediately process it in accordance with the GDC grievance Standard Operating Procedure (Exs. "A" and "B"), including those purported grievance receipts attached to Zavala's Complaint as exhibits I-1 through I-8.

Further Affiant sayeth not.

This ___4th___ day of ___June___, 2020.

_____
JOHANNES GOODY

Sworn to and subscribed before me,
this __4th__ day of ___June___, 2020

_____
NOTARY PUBLIC
My Commission expires: 4/15/2022

```
SANETRA MILLER
Notary Public, Georgia
Butts County
My Commission Expires
April 15, 2022
```

- 14 -