**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DAVID ZAVALA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **5:19-CV-00383-TES-CHW** |
| **COMMISSIONER TIMOTHY C.** | ) | |
| **WARD, ET AL** | ) | |
| | ) | |
| **Defendants.** | ) | |

**BRIEF OF DEFENDANTS POLITE, TAYLOR, TOOLE, MYRICK, GOODY, FORD, WARD, DAVIS, BALL, NOPEN, GORE AND HARPER IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY**

COME NOW, Defendants Taylor, Toole, Myrick, Goody, Ford, Ward, Davis, Ball, Nopen, Gore and Harper ("the Defendants"), by and through undersigned counsel, Attorney General for the State of Georgia, and, pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii) and Fed. R. Civ. P. 26(d), submit this brief in support of their Motion to Stay Discovery.

I.    **INTRODUCTION:**

In this action, the Plaintiff David Zavala asserts Eighth Amendment claims under 42 U.S.C. § 1983 against numerous Georgia Department of Corrections officials arising out of incarceration at the Special Management Unit in Jackson, Georgia.  (Dkt. No. 1).  After a 28 U.S.C. § 1915 review of the Complaint, the Court sanctioned claims regarding a December 31, 2018 use of force, in addition to due process claims, conditions of confinement claims, retaliation claims and deliberate indifference to serious medical needs claims. The Defendants have, on this date, filed a Motion to Dismiss in which they are asking the Court to dismiss some of the Plaintiff's claims based upon his failure to exhaust his administrative remedies prior to filing his Complaint.  Moreover, the Plaintiff has been moved to the Federal Penitentiary in

Atlanta, and due to the current COVID-19 crisis, counsel for the Defendants is unable to depose the Plaintiff at this time.

## II.      ARGUMENT AND CITATION TO AUTHORITY:

The Federal Rules of Civil Procedure encourage a trial court to limit discovery on its own or on the motion of a party when:

> ... the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C) (stating the court "must limit the frequency or extent of discovery" when such a determination is made); see also Panola Land Buyers Ass'n. v. Shuman, 762 F.2d 1550, 1558-59 (11th Cir. 1985).  Rule 26 gives trial courts broad discretion to alter the sequence of discovery "for the convenience of the parties ... and in the interests of justice."  Fed. R. Civ. P. 26(d).  The Eleventh Circuit has instructed that, when a pending motion challenges the legal sufficiency of a claim, discovery should be stayed until the motion is resolved.  See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); accord Shuman, 762 F.2d at 1560 (noting courts' "broad discretion to stay discovery pending a decision on a dispositive motion"); cf. Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint.  It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

The Defendants' Motion to Dismiss challenges the Plaintiff's exhaustion of his administrative remedies prior to the filing of his Complaint and does not raise issues of fact going to the merits of the claims.  Furthermore, the Defendants' counsel cannot depose the Plaintiff at this time due to the COVID-19 crisis.  Therefore, in the interests of efficiency and

justice, and in order to avoid undue costs and burdens of discovery, the Defendants respectfully submit that the Court should stay discovery pending a final disposition of their Motion to Dismiss.

III.   **CONCLUSION:**

The Defendants respectfully request that this Motion be granted and that the Court stay discovery pending the final resolution of their Motion to Dismiss.

Respectfully submitted this the 4th day of June, 2020.

CHRISTOPER M. CARR 112505
Attorney General

KATHLEEN M. PACIOUS 558555
Deputy Attorney General

/s/Andrew M. Magruder
ANDREW M. MAGRUDER     465710
Special Assistant Attorney General

Please Address All
Communications To:
Andrew M. Magruder
2 George C. Wilson Court
Augusta, Georgia 30909
(706) 737-0771
amm@wmssd.net

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed **BRIEF IN SUPPORT OF MOTION TO DISMISS FILED BY DEFENDANTS POLITE, TAYLOR, TOOLE, MYRICK, GOODY, FORD, WARD, DAVIS, BALL, NOPEN, GORE AND HARPER** with the Clerk of Court using the CM/ECF system.  I further certify that today I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**DAVID ZAVALA**
REG01574-120
ATLANTA
U.S. PENITENTIARY
Inmate Mail/Parcels
PO BOX 150160
ATLANTA, GA 30315

This the 4th day of June, 2020.

s/Andrew M. Magruder
Georgia Bar No. 465710
Special Assistant Attorney General
2 George C. Wilson Court
Augusta, Georgia 30909
(706) 737-0771
amm@wmssd.net