IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID ZAVALA, | ) Civil Action No.: |
| | ) 5-19-CV-383-TES-CHW |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMISSIONER TIMOTHY C. WARD, et al., | ) |
| | ) |
| Defendants. | ) |

As and for his Opposition to Defendants Polite, Taylor, Toole, Myrick, Goody, Ford, Ward, Davis, Ball, Nopen, Gore and Harper's Motion to Dismiss dated June 4, 2020, and pursuant to the Order of the Hon. Charles H. Weigle dated June 5, 2020, Plaintiff sets forth as follows:

**PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO DISMISS**

Plaintiff was an inmate at Georgia Diagnostic and Classification Prison/Special Management Unit ("SMU") located in Jackson, Georgia from October 5, 2018 until September 23, 2019.

**PROCEDURAL HISTORY**

A Complaint seeking injunctive relief, monetary damages, a jury trial, costs, and "any additional relief this Court deems just, proper, & equitable" dated July 17, 2019 concerning several incidents which occurred during that time, was filed on September 23, 2019. (R.1)

After a preliminary screening as required by the Prison Litigation Reform Act of 1995("PLRA"), 42 U.S.C. § 1997 e(c)(2),

1

and pursuant to 28 U.S. Code § 1915(e), by Recommendation of April 2, 2020, and Order of April 22, 2020, this Court found the following claims may proceed: (1) excessive force claims against Defendants Polite and Evans; (2) due process claims regarding the restrictions on Plaintiff's confinement against Defendants Taylor, Polite, Sumpter, Toole, Myrick, Goody, Ford, and Ward; (3) conditions-of-confinement claims against Defendants Davis, Ball, Goody, Ford, Sumpter, Harper, Polite, Nopen, Toole, Taylor, Ward, Myrick, and Cannon; (4) retaliation claims against Defendants Davis, Ford, Cannon, Polite, Sumpter, Nopen, Harper, and Goody; and (5) medical treatment claims against Defendants Goody, Ford, Cannon, Polite, Toole, Taylor, Ward, Ball, Sumpter, Myrick, Gore, and Elaine.

### STANDARD FOR A MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES UNDER THE PRISON LITIGATION REFORM ACT

The court of appeals set forth the current procedure when considering a motion to dismiss for a prisoner's failure to exhaust their administrative remedies, pursuant to the PLRA.

Exhaustion under PLRA is a matter in abatement and properly included in a motion to dismiss, as here, where the general rules for 12(b) motions apply. Bryant v. Rich, 530 F.3d 1368, 1374-1375.

Accordingly, during the initial comparison of Defendant's motion to dismiss and plaintiff's response, the court takes all

2

of plaintiff's factual allegations as true. Dismissal is appropriate at this stage if the facts as stated by the prisoner show a failure to exhaust. <u>Turner v. Burnside</u>, 541 F.3d 1077, 1082.

Should the matter survive this initial test, the court next makes specific findings of fact in relation to exhaustion, <u>Id</u>. at 1082, which may be found within or beyond the pleadings. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).

It is essential to note however, as failure to exhaust is to be treated as an affirmative defense under the PLRA, the burden of proof is on Defendant to show plaintiff has indeed failed to exhaust all administrative remedies available to him and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." <u>Jones v. Bock</u>, 549 U.S. 199, 216, 127.

While a judge may resolve factual disputes when they are not an adjudication of the entire matter, ordinarily, the court shall not resolve any disputed facts on such a motion that go to a matter's merits. *Id.*; <u>Tilus v. Kelly</u>, 510 Fed. Appx. 864, 865.

### **PLAINTIFF'S APPEALS OF DENIAL OF HIS GRIEVANCES, GENERALLY**

At present the bulk of Plaintiff's documents and proofs as to his claims are unavailable as they have not yet be reunited with Plaintiff, remaining at his former institution.

3

As discovery was ordered to be stopped, Plaintiff can only await the time it is permitted to resume so he can continue his efforts to retrieve the papers which are the actual and factual basis for his Complaint.

Accordingly, it is impossible at this time to present the ample evidence to this Court in support of the facts set forth in the Complaint and disputed by Defendants in their Motion to Dismiss.

**PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES, GENERALLY**

Inclusive of those specific Grievances which demand additional detail below, those Grievances submitted which have been appealed[1] are reflected by the related exhibits filed with the Complaint, and Plaintiff has timely exhausted all his available administrative remedies.

"A remedy has to be available before it must be exhausted, and to be 'available' a remedy must be 'capable of use for the accomplishment of [its] purpose.'" Turner v. Burnside, 541 F.3d 1077, 1084; citing Goebert v. Lee County, 510 F.3d 1312, 1322-23 (11th Cir. 2007) (internal quotation marks and citation omitted).

As Plaintiff never received injunctive relief requested in several filed Grievances in a timely manner, and now must contend with denial of facts in the face of evidence, were the remedies truly available to Plaintiff?

---

[1] Plaintiff submitted appeals regarding Grievances Nos. 281515, 282680, 283697, 285957, 285962, 288104, and 290298 at issue herein.

4

**SPECIFIC GRIEVANCES**

A. Grievance No. 281515

This Grievance seems to have been the subject of error as to its resolution, as explained in (ii) below:

(i) As reflected in R.37-7, p.1, this Grievance was forwarded to the GDC Criminal Investigations Division for review. Said document as well states "The decision to forward your grievance to the Criminal Investigations Division and to close your grievance is not appealable." Accordingly, Plaintiff exhausted available remedies regarding this Grievance.

(ii) At p.14 of R.37-1, (referring to R.37-2, ¶22, "However, inmates can and do fabricate false grievance receipts and grievance appeal receipts;" ¶25, "[Goody] did not receive a grievance appeal ... 281515, nor did [Goody] complete the ... receipt ... Exhibit A-4. Had Zavala given me a grievance appeal ... February 1, 2019, I could not have forwarded it ... because Grievance Number 281515 closed out on January 23, 2019.") it is stated "In sum, Zavala's completely unreasonable claim that Mr. Goody gave him a grievance appeal receipt for an unappealable grievance calls into question the veracity of his other allegations that Mr. Goody failed to process to other grievances."

This statement overlooks the other, simpler, explanation for the existence of a receipt (Plaintiff's Ex. A-4(R.1-3); and Defendant's Exhibit "F" (R.37-8, p.3) for Plaintiff's appeal of this Grievance:

5

An examination of R.37-7,pp.1,2 and R.37-8,p.2 indicates that, presumably due to a typing error, there appears to be an additional Grievance (No.2815145), and the two copies of the referral of that Grievance document are different, Plaintiff's being marked "copy" on the line for his signature, and Defendant's being marked "received January 24, 2019," resulting in some level of confusion as to disposition.

In addition, document R.37-7,p.3, "Codes for Rejected Grievance" with "GR #281515" printed on the top was received, leading Plaintiff to believe that Grievance No.281515 had been rejected, leading to the appeal for which Mr. Goody signed the receipt for.

Had Plaintiff wished to concoct false claims concerning his various attempts at appealing this and other grievances, it stands to reason he would not begin with this, Grievance No. 281515, by submitting both the referral to GDC Criminal Investigations Division (which I believed was for No.2815145)Form, along with the receipt for the appeal of Grievance Number 281515 signed by Mr. Goody, in the very same exhibit, or at all.

B. <u>Grievance No. 290298</u>

This Grievance concerns Plaintiff having been deprived of his contact lenses for almost nine months despite suffering from keratoconus. Although Mr. Goody swears he "would have signed the grievance appeal form and immediately forwarded it to the Central Appeals office for processing" as this Grievance was not referred

6

to the Facility ADA Coordinator pursuant to SOP 227.02(h)(as set forth in R.37-4,p.13), despite it clearly being such a claim. This failure calls into question Mr. Goody's general adherence to Standard Operating Procedure as his Affidavit claims he strictly follows.

## CONCLUSION

Defendants have failed to meet their burden of proof to show Plaintiff has indeed failed to exhaust all administrative remedies available to him.

As it is suggested inmates such as Plaintiff often fabricate Grievance and Grievance Appeal receipts, (for what usual reason that happens often seems hard to imagine, as need for such an action would rarely arise when an inmate could simply comply with procedure in filing or appealing a Grievance and receiving a genuine receipt), it is suggested herein that the Grievance recording system be within the exclusive care and control of parties usually having been alleged to have committed the action that are the subject of a Grievance, is an advanced example of the fox guarding the henhouse.

Accordingly any alleged evidence presented by Defendants must be construed with that fact in mind along with a look-out for self-serving documents, or self-servings disappearance of documents in support of Plaintiff's adversarial claims.

Had Plaintiff's evidence been in hand, there would be no doubt as to his exhaustion of his remedies.

7

WHEREFORE, Plaintiff respectfully requests Defendants Motion to Dismiss be denied in its enirety.

Dated: June 25, 2020

                                    DAVID ZAVALA
                                    Plaintiff, pro se