IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID ZAVALA, | ) Civil Action No.: |
| | ) 5-19-CV-383-TES-CHW |
| Plaintiff, | ) |
| | ) |
| v. | ) **AFFIDAVIT IN OPPOSITION** |
| | ) |
| COMMISSIONER TIMOTHY C. | ) |
| WARD, et al., | ) |
| | ) |
| Defendants. | ) |

STATE OF GEORGIA )
                 )ss:
COUNTY OF        )

DAVID ZAVALA, appearing pro-se being duly sworn, deposes and says:

1. This Affidavit is submitted in Opposition to Defendants Polite, Taylor, Toole, Myrick, Goody, Ford, Ward, Davis, Ball, Nopen, Gore and Harper's Motion to Dismiss dated June 4, 2020.

2. During the first 2/3 of 2019, I was forced to endure various levels of inhumanity meted out by the Defendants, which I was powerless to deflect, or resist due to my complete confinement.

3. Several instances of such conduct on the part of Defendants were dispensed with such an extreme disregard for my personhood, I felt compelled to pursue the only potential avenue to achieve justice available to me, the filing of a Grievance.

1

4. Submitting a Grievance made me feel like I could reach outside of my cell using my words as tendrils, which served to preserve the small remainder of hope I had held onto.

5. As the Grievance was of such import to me, particularly during the time period in which the incidents described in the Complaint occurred, I was intimately familiar with the Georgia Department of Corrections' Standard Operating Procedure ("SOP"), Statewide Grievance Procedure (Policy 227 .02), including its specific deadlines and requirements set forth therein as to a Grievance's submission and appeal, which are as also detailed in Defendant's moving papers.

6. I firmly stand-by all facts as alleged in my Complaint concerning the violations of my civil, human and constitutional rights while he was a SMU inmate.

7. I can confirm herein many Grievances I attempted to submit, most of them by being handed directly to Defendant and General Counselor Jon Goody, not many were taken and seemingly less were recorded. Goody would often simply decline to physically take a Grievance from me.

8. While I faithfully adhered to the SOP, Defendants did not. Particularly § IV(A)(2) entitled "No Offender may be denied access to this procedure," as evidenced by the limited amount of Grievances which were actually filed by Goody, compared with those I attempted to file and the downright abysmal ratio of attempted to acknowledged appeals.

9. While Defendants allege in their Motion to Dismiss I filed certain Grievances but then only appealed a very select few both entirely false, and out of logical alignments with my concerns and motivations behind filing the Grievances in the first place.

10. I would not and did not expend great effort drafting and filing the Grievances at stage one, only to entirely abandon the process at stage 2, the Central Office Appeal: which required far less effort than stage 1 submission.

11. The conclusions asserted in Defendant's Motion to Dismiss and Affidavit of Jon Goodym seemingly arrived at after a failed attempt to reconcile the dates of incident, Grievance submission, Grievance appeal; Grievance subject; etc. are erroneous and shed a false light on my Complaint.

12. Defendant's moving papers attribute to me certain specific claims, as to which exhibits go with which number Grievance, which are new to me upon reading them for the first time therein.

13. Presumably such statements are said to be mine, in order to prove them wrong, and call my credibility into question, while I never said such things in the first place.

14. I fully adhered to SOP and submitted appeals on five occasions.

Dated: June 25, 2020

*[signature: David Zavala]*

DAVID ZAVALA
Plaintiff, pro se

Sworn to before me this     * A notarized original shall be submitted
\_\_\_\_ day of June, 2020     under separate cover

_____
NOTARY PUBLIC