IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID ZAVALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:19-CV-00383-TES-CHW |
| COMMISSIONER TIMOTHY C. WARD, ET AL | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANTS CANNON AND SUMPTER**

COME NOW, Defendants Cannon and Sumpter ("the Defendants"), by and through counsel, the Attorney General for the State of Georgia, and submit this memorandum of law in support of their contemporaneously-filed Motion to Dismiss.

**I.    PLAINTIFF'S ALLEGATIONS:**

On September 23, 2019, the Plaintiff David Zavala ("Zavala") filed his Complaint under 42 U.S.C. § 1983 alleging numerous constitutional violations regarding his incarceration at the Special Management Unit ("SMU") in Jackson, Georgia. (Dkt. No. 1). After a 28 U.S.C. § 1915 review of the Complaint, the Court sanctioned a number of claims, including the following (1) Taylor, Polite, Sumpter, Toole, Myrick, Goody, Ford, and Ward violated his due process rights by failing to ensure that he received the same limited freedoms as other inmates housed in the SMU in that he requires a five-man escort, is consistently served cold food, or not served at all, he is not permitted to sanitize his cell, often goes days or weeks without showers, is provided limited out-of-cell recreation time, and is subject to very intrusive strip searches (2) Davis, Taylor, Ford, Polite, Sumpter and Nopen exposed him extreme cold by placing him in a strip cell

on December 31, 2018 and Ball exposed him to frigid temperatures when placing him in a strip cell on March 4, 2019 (3) Sumpter, Ball, Polite and Davis denied him of regular showers and sufficient access to the clippers for shaves and haircuts (4) Sumpter and Harper placed him in a cell without a working toilet for days (5) in retaliation for the Plaintiff filing grievances, Polite, Cannon and Ford ignored his grievances (6) in retaliation for the Plaintiff filing grievances, Sumpter failed to provide the Plaintiff with a shower or a toilet plunger and (7) Goody, Ford, Cannon, Polite, Toole, Taylor, Ward, Ball, Sumpter, Myrick, Gore and Elaine failed to ensure that he received appropriate medical care for his eyes.  (Dkt. No. 11; Dkt. No.16).   On June 4, 2020, Defendants Polite, Taylor, Toole, Myrick, Goody, Ford, Ward, Davis, Ball, Nopen, Gore and Harper filed a Motion to Dismiss, in which they argued that some of the Plaintiff's claims should be dismissed based upon the Plaintiff's failure to exhaust his administrative remedies prior to the filing of his Complaint.  (Dkt. Nos. 37, and Dkt Nos. 37-1 through 37-21).

## II.     ARGUMENT AND CITATION OF AUTHORITY:

Defendants Cannon and Sumpter hereby incorporate by reference all evidentiary material and legal arguments made by Defendants Polite, Taylor, Toole, Myrick, Goody, Ford, Ward, Davis, Ball, Nopen, Gore and Harper filed in support of their Motion to Dismiss (Dkt. No. 37, Dtk Nos. 37-1 through 37-21) to show that Zavala did not exhaust his administrative remedies on the following claims and that they should therefore be dismissed pursuant to the P.L.R.A.: (1) his retaliation claims against Harper, Goody, Ford, Polite Nopen, Davis, Cannon, and Sumpter, (2) his deliberate indifference to serious medical needs claims against Goody, Ford, Cannon, Polite, Toole, Taylor, Ward, Ball, Sumpter, Myrick, Gore and Elaine, (3) his conditions of confinement claim that Davis, Taylor, Ford, Polite, Sumpter and Nopen exposed him to extreme cold when placing him in a strip cell on December 31, 2018 (4) his condition of confinement claim that

3

Sumpter and Harper placed him in a cell without a working toilet for seven days and (6) his condition of confinement claim that in February and March of 2019, Harper, Polite, Cannon, Goody and Ford exposed him to excessive paint fumes prior to the filing of his Complaint. Furthermore, Defendants Cannon and Sumpter request, for the reasons set forth in the earlier filed Brief in Support of their Motion to Dismiss (Dkt. No. 37-1), that the Court consider dismissing Zalava's due process claims as well.

### III.   CONCLUSION:

For all the foregoing reasons, Defendants Cannon and Sumpter pray that their Motion to Dismiss be granted.

Respectfully submitted this the 1st day of July, 2020.

CHRISTOPER M. CARR    112505
Attorney General
KATHLEEN M. PACIOUS    558555
Deputy Attorney General
/s/Andrew M. Magruder
ANDREW M. MAGRUDER    465710
Special Assistant Attorney General

Andrew M. Magruder
2 George C. Wilson Court
Augusta, Georgia 30909
(706) 737-0771
amm@wmssd.net

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed **BRIEF IN SUPPORT OF MOTION TO DISMISS FILED BY DEFENDANTS CANNON AND SUMPTER** with the Clerk of Court using the CM/ECF system. I further certify that today I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**DAVID ZAVALA**
REG01574-120
ATLANTA
U.S. PENITENTIARY
Inmate Mail/Parcels
PO BOX 150160
ATLANTA, GA 30315

This the 1st day of July, 2020.

s/Andrew M. Magruder
Georgia Bar No. 465710
Special Assistant Attorney General
2 George C. Wilson Court
Augusta, Georgia 30909
(706) 737-0771
amm@wmssd.net
