IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID ZAVALA, | ) Civil Action No.: |
| | ) 5-19-CV-383-TES-CHW |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMISSIONER TIMOTHY C. WARD, et al., | ) |
| | ) |
| Defendants. | ) |

As and for his Opposition to Defendants Cannon and Sumpter's Motion to Dismiss dated July 1, 2020, and pursuant to the Order of the Hon. Charles H. Weigle dated July 8, 2020, Plaintiff sets forth as follows:

Plaintiff incorporates by reference the entirety of his opposition to the Motion to Dismiss of Defendants Polite, Taylor, Toole, Myrick, Goody, Ford, Ward, Davis, Ball, Nopen, Gore and Harper dated June 4, 2020 herein.

The Motion to Dismiss opposed herein contains a recitation of the various injustices Plaintiff suffered as an inmate in the Georgia Diagnostic and Classification Prison/Special Management Unit ("SMU") located in Jackson, Georgia from October 5, 2018 until September 23, 2019, along with a request for dismissal based upon Plaintiff's alleged failure to exhaust administrative remedies.

As set forth in Plaintiff's June 25, 2020 Opposition to the prior Motion to Dismiss, Plaintiff did in fact, exhaust all

1

administrative remedies available to him.

His efforts were frustrated by the staff at the SMU, as they were the subject of many grievances submitted.

The paperwork further detailing his efforts remains out of reach, housed at former institution.

As discovery was ordered to be stopped, Plaintiff can only await the time it is permitted to resume so he can continue his efforts to retrieve the papers which are the actual and factual basis for his Complaint.

A claim of failure to exhaust is to be treated as an affirmative defense under the PLRA, putting the burden of proof upon Defendants while "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216, 127.

Defendants have failed to meet their burden.

WHEREFORE, Plaintiff respectfully requests Defendant's Motion to Dismiss be denied in its entirety.

Dated: July 31, 2020

_____
DAVID ZAVALA
Plaintiff, pro se