IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID ZAVALA,<br><br>*Plaintiff,*<br><br>v.<br><br>TIMOTHY WARD, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:19-cv-00383-TES-CHW |

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 71] ("R&R") recommending that Zavala's case be dismissed in its entirety. Zavala timely filed objections [Doc. 72], so the Court will review *de novo* the portions of the R&R to which Zavala objected, and will review for clear error the portions of the R&R to which he did not. *See* 28 U.S.C. § 636(b)(1).

Zavala's 42 U.S.C. § 1983 action contains five categories of claims: excessive force, due process, conditions of confinement, retaliation, and inadequate medical care. *See* [Doc. 1]. The Magistrate Judge recommends that all these categories of claims be dismissed due to Zavala's failure to exhaust his administrative remedies. [Doc. 71, p. 1]. Zavala filed eight grievances relevant to his five claims, and each grievance fails to satisfy the administrative exhaustion requirements for one of two reasons. The first

reason is that a grievance violated the Georgia Department of Corrections' single-issue rule. *See* [Doc. 37-3, p. 8 ("The Warden/Superintendent or designee should reject the grievance if it . . . raises more than one issue/incident.") (cleaned up)]. The second reason is that the affidavit of Johannes Goody [Doc. 37-2] reveals that Zavala did not file a central office appeal as required by the Georgia Department of Corrections' Statewide Grievance Procedures. *See* [Doc. 37-2, p. 11].

In order to easily illustrate, the Court includes the following table regarding Zavala's claims:

| Grievance | Claim(s) implicated | Exhaustion failure |
| --- | --- | --- |
| 281515 | Excessive force, Due Process | Violates single-issue rule |
| 293815 | Due Process | Violates single-issue rule |
| 285957 | Conditions of Confinement | Violates single-issue rule |
| 283697 | Due Process | No central office appeal |
| 282680 | Conditions of Confinement, Denial of Medical Care | No central office appeal |
| 285962 | Conditions of Confinement, Denial of Medical Care | No central office appeal |
| 288104 | Retaliation | No central office appeal, violates 10-day rule[1] |
| 290298 | Denial of Medical Care | No central office appeal |

---

[1] Because the Court is satisfied that grievance 288104 was not appealed to the central office, an analysis of whether this grievance complied with the 10-day rule is not necessary.

As shown in the table, in grievances 281515 [Doc. 37-7], 293815 [Doc. 37-20], and 285957 [Doc. 37-13], Zavala failed to properly exhaust his administrative remedies because each of these grievances violates the single-issue rule. In grievances 283697 [Doc. 37-11], 282680 [Doc. 37-9], 285962 [Doc. 37-14], 288104 [Doc. 37-16], and 290298 [Doc. 37-18], Zavala failed to properly exhaust his administrative remedies because he failed to appeal each of these grievances to the Central Office.

Upon the Court's *de novo* review of grievances 281515 [Doc. 37-7], 293815 [Doc. 37-20], and 285957 [Doc. 37-13], the Court finds that Zavala raised more than one issue in each of these grievances in violation of Georgia Department of Corrections Statewide Grievance Procedure 227.02 [Doc. 37-3, p. 8]. The only objection that Zavala makes that implicates his failure to comply with the one-issue rule is that he did not know about this rule. *See* [Doc. 72, p. 2 (Zavala claiming he never received an inmate handbook, and that the inmate orientation process was a "sign here, initial there" ordeal)].

True, "a remedy must be 'available' before a prisoner is required to exhaust it." *Henry v. Warden*, No. 20-10290, 2021 WL 717016, at *3 (11th Cir. Feb. 24, 2021) (quoting *Turner v. Burnside*, 541 F.3d 1077, 1082, 1084 (11th Cir. 2008)). But an "available" remedy is simply one that is "capable of use to obtain some relief for the action complained of." *Ross v. Blake*, 578 U.S. \_\_\_, \_\_\_, 136 S. Ct. 1850, 1858 (2016). There are three circumstances when an administrative remedy is deemed unavailable:

> First, an administrative procedure is unavailable when it operates as a simple dead end—with officers unable or consistently unwilling to provide

3

any relief to aggrieved inmates. Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use—i.e., some mechanism exists to provide relief, but no ordinary prisoner can navigate it. And finally, a grievance process is rendered unavailable when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation.

*Id*. at 1853–54. Simply put, Zavala's objection does not implicate any of these three recognized exceptions to the administrative exhaustion requirement. Zavala is well aware of the existence of the grievance system as he has used it repeatedly. And, just because Zavala himself was not yet savvy to the one-issue rule does not mean that the grievance procedure was *unavailable* to him. *See id*. at 1854 (looking at availability from the "ordinary prisoner" point of view as opposed to a subjective point of view).

In sum, Zavala has not shown that the GDC's grievance procedure is a "dead end"—the Court has examined eight of Zavala's grievances for this Order that would have never made it into the record if the procedure was a dead end. *Id*. Nor has Zavala shown that it is "incapable of use"—he's used it frequently. *Id*. at 1853. Nor has Zavala shown that prison administrators prevented him from filing the eight grievances relevant to this case. *Id*. at 1854. Therefore, neither Zavala's argument about his lack of awareness of the grievance system nor any of his other arguments made in his objections regarding his failure to comply with this rule have merit and they are denied.

Upon the Court's *de novo* review of grievances 283697 [Doc. 37-11], 282680 [Doc. 37-9], 285962 [Doc. 37-14], 288104 [Doc. 37-16], and 290298 [Doc. 37-18], the Court is satisfied that Zavala failed to properly exhaust his administrative remedies because he

4

failed to appeal each of these grievances to the Central Office as required by the GDC's grievance procedures. *See* [Doc. 37-2, p. 11]. The story is the same for each of these three grievances: Zavala forged receipts of central office appeals for each of these grievances, and the declaration of Officer Goody as well as Zavala's grievance history report proves it. *See* [Doc. 37-5, p. 1]; [Doc. 37-2]. The Eleventh Circuit allows district courts to "make findings on the disputed issues of fact" and "then decide whether under those findings the prisoner has exhausted his administrative remedies." *Turner v. Burnside*, 541 F.3d 1077, 1082–83 (11th Cir. 2008) (cleaned up). The Court finds, as did the Magistrate Judge, based on an examination of the Goody Declaration and Zavala's grievance history, that Zavala did not appeal any of these five grievances to the central office. Therefore, Zavala failed to exhaust his administrative remedies as to these grievances. Nothing Zavala says in his objections changes the Court's finding that he failed to appeal these five grievances to the central office. Therefore, Zavala failed to properly exhaust his administrative remedies as to his excessive force, Due Process, conditions of confinement, retaliation, and denial of medical care claims, and this case is due to be dismissed.

In conclusion, the Court **ADOPTS** the R&R [Doc. 71] and **MAKES IT THE ORDER OF THE COURT**. Accordingly, the Court **GRANTS** the pending motions to dismiss, [Doc. 37]; [Doc. 50]; Doc. 68], and **DISMISSES without prejudice** Zavala's case in its entirety.

**SO ORDERED**, this 1st day of March, 2021.

S/Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
