IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

ZAVALA, Plantiff      *   42 USC 1983
     v.               *   Case No.
WARD, et al., Defendants *  5:19-CV-00383-TES-CHW

## MOTION TO ALTER/AMEND JUDGEMENT

COMES NOW, pro se plantiff, David Zavala, confined @ USP of Atlanta, in Atlanta, GA. Plantiff filed this civil action on or about late September/2019. He was allowed to proceed on (5) claims: Excessive force, Due process, Conditions of Confinement, Denials of Medical Care, & Retaliation for filing grievances. The court has adopted the Magistrate Judges' R&R & entered an unfavorable Judgement ordering for his case be dismissed in its entirety based on an alleged failure to exhaust administrative remedies. He files this motion pursuant to Rule 59(e) of the Fed. R. Civ. P in hopes the court will review de novo his "complaint" (Doc. 1 statement of claims paragraphs 46-48), & "Responses in Opposition with Affidavits", "timely Objections" to the R&R, & compare it to provided case law for consideration of this motion so Justice will be met.

## STATEMENT OF FACTUAL GROUNDS

I limit my arguement to the following statements made under Oath & penalty of purjery, swearing to tell the truth,

(1)

the whole truth, & nothing but the truth so help me God:
*NOTE: To this date I'm warehoused in special housing unit denied access to the law-library & adequate legal writing materials. I'm still denied access to certified mail & notary services. I have no access to a copy machine & can not cite certain previous documents yet my story stays the same. Furthermore, I have not recieved relief from these & other violations such as hinderences of mail, because the grievance system here is as corrupt as it was at my last facility. Please excuse any pro se deficiensies for they are no fault of my own.

A. THE "ROSS v. BLAKE" STANDARD

1) Upon review of the courts order adopting the R&R the Honorable Judge cites two precedents as the ones governing the decision to dismiss my case on failure to exhaust grounds. I look at my case in the light of Ross v. Blake & find that I have more than adequately met each criteria for my internal remedies to be declared unavailable. Beginning on pg. 3 out of 6 the order quotes verbatim: "There are three circumstances when an administrative remedy is deemed unavailable: First, an administrative procedure is unavailable when it operates as a simple dead-end with officers consistantly unwilling to provide any relief to aggrieved inmates. Next, an administrative scheme might be so opaque that, pracitcly speaking, it becomes incapable of use- i.e., some mechanism

(2)

exist to provide relief but no ordenary prisoner can navigate it. And finaly, a grievance process is rendered unavailable when prison administrators thwart inmates from taking advantages of it thrugh machination, misrepresentation, or intimidation.

2.) The courts have misconstrued the weakest of my many objections as the main focus & reasons to dismiss my complaint. Although true enough, the fact that a couple of grievances were filed a few years prior to the filing of this complaint, shouldn't prove that GDC facilities oriented me or any of its inmates on how to navigate this process. However, it can be proven that I was thrown into the most violent prisons in the GDC as a teenager, never given the opportunity to educate myself, that prison staff go out of their way to keep inmates in the blind, & that the "blind lead the blind" on the rules & process of filing a grievance. As stated in my objections, upon review any grievance filed prior to 2019, the court will find another inmates hand writting because those were wrote by other inmates assisting me. This was something made impossible due to my complete isolation in the SMU, then supplemented by initial deprivations of access to the law-library & councelor services. No GDC facility has ever gave me a hand-book or the slightest idea on how to file a grievance violating "Hardy v. Shaikh, 959 F.3d. 578 (3d Cir. 2020)"

3.) Nonetheless, I assert, this is the weakest of actual & factual

objections. I'm 100% certain I've informed the court since the beggining of this litigation that defendant Goody was obstructing my administrative remedies from the record in numerous ways. (See Doc. 1 statement of claims paragraph 46-48) Although I did not go into detail, I'm sure I repleted the record & informed the court of the main strategic obstructions on 3+ "Responses in Opposition & Affidavits". This continued on my (21) page objections. I was as thorough as possible on these & stand firm re-alleging:

i- My councelor (defendant Goody) was supposably not allowed to approach my cell or my person due to restrictions imposed without due-process. He denied me forms, but I obtained them from inmate sources. Goody mislead me to believe that I could send them to him via in-house mail & he would process them. After he denied recieving 3 forms in a row I senced he was decieving me. The initial grievances that I was able to submitt were wrote in a rush & handed to Goody by pure luck. However, the ones he claimed he didn't recieve; he used the attachments to add on to others so they would have a justification to reject them. He has now presented such to the court as evidentary exhibits. Fraudulent evidence. Grievance #281515

ii- I persisted in obtaining relief in a civil manner through this corrupt grievance system. This infuriated defendants to the point of retaliating against me in different ways - i.e. showing callous indiffrence to the inhumane conditions of confinement, diliberately exposing me to feces, ect.

iii- When I submitted grievances for these retaliations things

(4)

got realy out of hand. As I allege in my complaint & objections defendants would shake me down excessively, damage & take my property, scolled me & make threats implying that nothing would get better for me until I stoped submitting grievances. The incidents that occured after the grievance submitted on camara 3/7/2019 are a prime example of the consequences I had to deal with for exercising this right. I toned down my grievance filing & letter writting.

iv- Goody began to refuse to process my grievances by returning them through in-house mail with post-it notes making bogus excuses - i.e. "need to re-write", "can't read this", "2 grievances already acktive", ect. This was done outside of policy. Goody blamed an unknown grievance coordinator. He did this mostly with "EMERGENCY" grievances.

v. After several months of this, Goody began to read my grievances before issueing reciepts. He straight up told me: "your wasting both your time & mine with these", "Nah, im not taking that one." This was eye witthessed & on camara.

vi- Agian, I re-allege & petition for the court to peel the reciepts off the attached sheets of Doc.1 exhibits I-7 through I-8. They will find recorded approximate: dates, times, witthesses, & locations for camara review of few of the numerous grievances I submitted but Goody refused to file.

vii- The same can be found on the back of the grievance

reciepts he did allow to go on the record, which at this point should not even govern my claims. The same can be found on ALL appeal reciepts for camara review. At the filing of my complaint Goody decieved me to believe were being filed but results they were not.

4.) This factual dispute should have been more than enough to find that further development would lead to a diffrent outcome & prove defendants made the last step of the grievance effectively unavailable. (PLEASE compare my case to "Snyder v. Riverside Cty.", 819 F. App'x 574 (9th Cir. 2020)

5.) Furthermore, if the grievance system had not operated as a "dead-end" & actualy provided me the relief sought for, then I would not of had to file grievance, after grievance, after grievance, in pursuit of better conditions. The courts contend & side with Goody that I only filed 8 grievances. But, I've alleged, re-alleged, stand firm re-alleging & will prove that I submitted over 20 grievances. Perhaps they (defendants) "filed" 8 that were not a threat, but I can, & will prove I "submitted" atleast approximately 23 better drafted grievances, maybe more. Those which instead of obtaining me relief got me hated & retaliated on by defendants. True story. I can prove this.

6.) The order adopting the R&R states that my extensive objections failed to implicate any of these recognized exceptions to the exhaustion requirement but out of 21 pages, I knew &

(6)

feel in my heart that if the courts review de novo my objections & previous documents "liberaly" they will find I fully met the Ross v. Blake standard & perhaps reverse judgement in my favor.

B. THE TURNER V. BURNSIDE STANDARD

1.) Page 5 out of 6 of the Order adopting the R&R quotes: "The eleventh circuit allows district courts to make findings on the disputed issues of fact & then decides whether under those findings the prisoner has exhausted his administrative remedies". Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th cir 2008)

2.) Agian, I assert that I've been consistantly disputing agianst defendant Goody's false story signed under oath & penalty of purjery. All through-out the record ive expressly pointed out that these statements are false & how I can prove this if the courts grant me the opportunity to do so.

3.) Page 3 out of 14 of the Hon. Magistrates R&R cites Turners 2-step process for reviewing motions to dismiss based on failure to exhaust grounds. "A reviewing court first: looks to the factual allegations in the defendants motion to dismiss & those in the plantiff's responce, & if they conflict, take the plantiff's version of the facts as true" (Turner, id.) Goody's affidavits should not suffice as enough evidence agianst mine & its disapointing to see this court has dismissed my case based on a complete lie. I have wondered if it has to do with Goody notorizing his

statements & me not being able to due to my confinement. Counselor Dixon @ USP of Atlanta states BOP doesn't provide such services. She gave me a # to contact an outside company to come in for services with full knowledge this would not be allowed due to current pandemic visitor restrictions. If this be the reason I ask the courts to give me a chance to re-submit my statement when I figure out how to go about notarizing them.

4.) Other than that I can not understand why the courts have chose to overlook what I have expressly pointed out in my statement of objections to the R&R & previous documents. My main allegation was explained & emphasized as thoroughly as possible: Goody & defendants deliberately obstructed a vast majority of flawless grievances & apparently appeals. (the ones that should have governed my claims) This after realizing I would no longer act on his misleading statements. Their intimidating tactics & retaliatory acts made me slow down & stop putting most of their names on them at their demand, but my will to obtain relief would not allow me to abandon the only thing I could possibly pursue relief through.-GRIEVANCES.

5.) "Second, if the complaint is not dismissed under step one, the court proceeds to make specific findings in order issues related to exhaustion... Once a court makes findings on the disputed issues of fact, it then decides wether under those findings the prisoner has exhausted his administrative remedies" (Turner, Id.)

6.) The court asserts that only 8 grievances govern my claims & that most of these violated the "single issue/incident rule". I contend that these few grievances should be irrelevant at this point because they are solely ones that defendants allowed on the record knowing they had basis for rejection. On the other hand he refused, I repeat, blatantly refused, to process atleast (15) grievances that were written without error. Agian, I assert that even these 8 were simply listing conditions that derived from "one single issue/incident". Had Goody processed my initial, more carefully drafted grievance forms, & had these issues been resolved instead of "dead-ended consistantly", then there would have been no need to re-submitt them & to compile the violatrons that needed immediate attention. I also stand firm re-stating that grievance #281515 was doctored by adding an attachment from an unprocessed grievance that Goody swore he never recieved. Thats one durty dude your Honor, he has filed this fraudulent grievance as a defence & the courts are acting upon this deception. If given the opportunity to prove my side, i'll voluntarily accept a death penalty if im the one lying. Serious.

7.) Nevertheless, im back emphasizing MY MAIN ALLEGATION: Goody only processed the grievance forms he knew would be rejected & obstructed the good ones. His fictitious story of never recieving appeals for the others should not hold more weight than my word. If the court is willing to acknowledge my sworn statements as the truth, then we can move

(9)

foward so that I may prove the truth. Defendants thwarted my attempts to exhaust administrative remedies making them effectively unavailable, or SO HELP ME GOD.

C. PLEA FOR MERCY OF THE COURT

1.) Your Honor I understand the courts are most likely overwhelmed with prisoner complaints & perhaps my criminal case pending in this District is not helping my situation. I'm doing my best to recreate myself, to transform from barbarian to bureaucrat, & go about handling situations in a civil manner.

2.) I deserve alot of things your Honor, but not the inhumanity endured by me & fellow humans warehoused at the SMU. I understand redress will not be made eazy. I'm willing to put the work in. Yet, I find myself up agianst the odds at another facility where staff act like gangsters & do not respect our rights, muchless if you try to uphold them in a humble & civil manner.

3.) This legal stuff has been an extremely laborious task for me & to date is being made near imm possible due to denials of law-library access, mail room violations, & agian another corrupt, dead-end grievance system. I have not the slightest idea on how to file a proper appeal & limited to inadequate refrence material from some past court documents.

4.) Ultimately, this action is not just about redress. I

admitt it became a bit personal, not just for violations agianst my person, but for the same conditions & treatments that lead to the suicide of several good men who were dear to me. One of whose lifeless body I had to witness be cut down after a whole day of officers neglecting us behind the glass barrier. These incidents were pre & post "Gumm v. Sellers" in which this court gave orders for defendants to cease their unlawfull acts & omissions.

5.) These court orders got the minimum relief to inmates, excluding me as the restrictions on my person as an excuse. But what it realy did was make defendants smarter at covering up their mismanagement & unwillingness to better our conditions. The grievance system is still the same. If the court would review de novo my statements through-out the record & compare closer to provided precedents, then I could move foward to prove the truth, & reverse the curse brought upon me at the SMU to get the necessary win to discourage staff from acting unlawfull in the future. I could also use this win at my current or any future facilities to be taken more serious & obtain immediate relief from current violations without having to burden the government with prison issues. Most of us loose our mind in isolation & cope by harming ourself or others. I've lost mine but have chose the civil route to the best of my ability.

D. CONCLUSION

WHEREFORE, your Honor I pray & ask that as commpassionate Judges you may review my case & amend Judgement so that Justice will be met without the need of an appeal. Thank you for your time.

NOTE: I would never forge dawments or play with the courts knowing the odds are against me as is, on the other hand Goody violated Rule 60(b)(3) & this court should grant me relief from Judgement.

Respectfully,

David Zavala

MARCH/20/21

David Zavala #01574120
USP of Atlanta
P.O. Box 150160
Atlanta, GA, 30315