IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID ZAVALA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:19-cv-383 (TES) (CHW) |
| | : | |
| TIMOTHY C. WARD, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

On March 2, 2021, the Court entered judgment dismissing this action based on Plaintiff David Zavala's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Docs. 73, 74). Plaintiff has now filed a motion to alter or amend judgment. (Doc. 75).

In that motion, Plaintiff seeks to relitigate the issue of availability. Plaintiff argues that he lacked sufficient knowledge to follow the grievance rules because of poor education and a lack of access to the rules handbook. (Doc. 75, p. 3). As previously explained by the Court, though, Plaintiff's prior grievance history indicates his familiarity with the grievance procedure and its associated rules. *See* (Doc. 73, p. 4). Moreover, even if Plaintiff was unversed in particular aspects of the grievance rules, such as the single-issue rule, Plaintiff has not demonstrated that his ignorance rendered the grievance process both subjectively and objectively unavailable. *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020).

Zavala also reargues that Defendant Goody refused to accept grievances for processing. (Doc. 75, pp. 4–5). The Court previously rejected this argument at step two of the *Turner v. Burnside* review process, 541 F.3d 1077 (11th Cir. 2008), and Plaintiff offers no new evidence or

1

argument warranting a different ruling. Specifically the Court (i) credited a declaration from Defendant Goody, a grievance counselor, indicating that he did not decline to process any of Plaintiff's grievance forms, and (i) found that Plaintiff fabricated Goody's signature on multiple grievance forms.

Because Plaintiff has not "present[ed] newly discovered evidence or demonstrate[d] a manifest error of law or fact," it is **RECOMMENDED** that plaintiff's motion to alter or amend judgment be **DENIED**. (Doc. 75). *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 670 (11th Cir. 2020). Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The District Judge will make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 29th day of March, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge