# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DAVID ZAVALA,** *Plaintiff,* v. **Commissioner TIMOTHY C. WARD,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:19-cv-00383-TES-CHW** |

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Before the Court is Defendant Zavala's Motion for Relief from Judgment[1] [Doc. 95] that he filed "as an alternative" to the "laborious [and] complex task of filing an appellant's brief." [Doc. 95, p. 1]. Plaintiff previously filed an Amended Objection [Doc. 91] that the Court construed as a Rule 60(b) motion for relief from the order adopting the Report and Recommendation ("R&R") [Doc. 83] entered against him. *See* [Doc. 92]. In its Order, the Court denied Plaintiff's requested relief because he failed to "point to newly-discovered evidence or demonstrate a manifest error of law." [*Id.* at p. 3]. Specifically, the Court noted that Plaintiff's Amended Objections "contain[ed] the same

---

[1] Although docketed as a "Motion for Reconsideration," Plaintiff titled his Motion as a "Motion for Relief From Judgment" and specifically relies on Federal Rule of Civil Procedure 60 which provides when parties are entitled to relief from a judgment or order. As such, the Court will treat this as a Motion for Relief from Judgment pursuant to Rule 60(b)(3) and not as a Motion for Reconsideration under Middle District of Georgia Local Rule 7.6.

recycled argument that he's made several times now during the process of this litigation: that his failure to exhaust his administrative remedies should be excused." [*Id.* at pp. 3–4].

Plaintiff brings this Motion for Relief from Judgment pursuant to rule 60(b)(3), which provides that relief from a final judgment is appropriate whenever there is "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To prevail on a 60(b)(3) motion, the movant must prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007) (citing *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000); *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987)) (cleaned up). "Additionally, the moving party must show that the conduct prevented the losing party from fully and fairly presenting his case of defense." *Id.* (cleaned up). Plaintiff's Motion fails to provide clear and convincing evidence that the Defendants obtained a verdict through fraud, misrepresentation, or other misconduct.

The current Motion for Relief from Judgment centers on the same allegations that Plaintiff has recycled throughout the entire case: that the Defendant's conduct prevented him from exhausting his administrative remedies. *See generally* [Doc. 95]; [Doc. 91]; [Doc. 81]; [Doc. 72]; [Doc. 70]. These arguments have been evaluated by the United States Magistrate Judge when he recommended that the Court should grant the

Defendants' Motions to Dismiss, and when he recommended the Court should deny Plaintiff's Motion to Alter Judgment. *See* [Doc. 71]; [Doc. 80]. Moreover, the Court reviewed and considered these arguments when it conducted *de novo* reviews of both R&Rs submitted by the magistrate judge. *See* [Doc. 73]; [Doc. 83]. The Court also considered these arguments in its Order construing Plaintiff's Amended Objection as a Rule(60)(b) motion and denied him relief from the Order adopting the magistrate judge's R&R. *See* [Doc. 92]. The Court simply does not find that these rehashed arguments provide clear and convincing evidence that Defendants obtained judgment through any misconduct, let alone misconduct that would warrant relief.

Plaintiff has failed to produce any new evidence showing that Defendants secured the Judgment entered against him by means of fraud, misrepresentation, or misconduct. He has simply rehashed his oft-repeated arguments as "fraud" in hopes that the Court will somehow come to a different conclusion. It won't. Consequently, the Court **DENIES** his Motion for Relief from Judgment [Doc. 95].

**SO ORDERED**, this 17th day of November, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
