# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DAVID ZAVALA,**  *Plaintiff,*  v.  **TIMOTHY C. WARD,** *et al.,*  *Defendants.* | **CIVIL ACTION NO.  5:19-cv-00383-TES-CHW** |

## ORDER OVERRULING PLAINTIFF'S OBJECTION

Before the Court is Plaintiff David Zavala's Objection [Doc. 113] to the United States Magistrate Judge's Order granting a 90-day extension of discovery. [Doc. 111, p. 2]. Specifically, Plaintiff moved to stay proceedings in this case until "the pending motions in the higher court are ruled upon." [Doc. 110, p. 4]. However, as the magistrate judge noted, "the pending motions in the higher court" Plaintiff referred to in his Motion to Stay are motions in another, unrelated case in the Northern District of Georgia, currently still up on appeal at the Eleventh Circuit. *See* [Doc. 111, p. 1 (citing *Zavala v. Spindel*, 1:20-CV-4416-SDG (N.D. Ga.))]. Seeing that Plaintiff also raised other reasons to stay proceedings (namely, delays in his receipt of Court orders and filings), the magistrate judge construed his Motion to Stay as a motion to extend the discovery period, extending it 90 days, or until August 15, 2024. [Doc. 111, p. 2].

In his Objection, Plaintiff argues that the magistrate judge "misconstrued" his Motion to Stay and pointed out that, although the mail delays were one reason to stay proceedings, another reason was that Plaintiff was "in the process of salvaging prematurely dismissed claims, [and] that this Court should stay proceedings until such dismissed claims are settled in the Court of Appeals." [Doc. 113, p. 1]. However, as the magistrate judge noted, the Eleventh Circuit has already issued an opinion, agreeing with this Court that Plaintiff failed to exhaust administrative remedies as to all except one claim. [Doc. 107, pp. 10–13]; *see* [Doc. 111, p. 1]. Accordingly, there is nothing further for Plaintiff to wait on.

For a district court to modify or set aside a magistrate judge's non-dispositive ruling under Federal Rule of Civil Procedure 72(a), the objecting party must establish that the magistrate judge's order or any conclusion to which he objects or seeks reconsideration of is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *see also Merritt v. Int'l Bhd. Boilermakers*, 649 F.2d 1013, 1016–17 (5th Cir. June 1981);[1] *Williams v. Wright*, No. CV 309-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec. 16, 2009). This is a "highly deferential standard of review," only allowing the district court to overturn the decision when it is "left with the definite and firm conviction that a mistake has

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

been committed." *Holton v. City Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005).

Here, the Court is certainly not left with that firm conviction and thus, cannot say the magistrate judge's Order was clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Merritt*, 649 F.2d at 1016–17. Accordingly, the Court **OVERRULES** Plaintiff's Objection [Doc. 113]. The pertinent ruling issued by the magistrate judge [Doc. 111] shall remain in effect.

**SO ORDERED**, this 23rd day of July, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**