IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID ZAVALA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:19-cv-383 (TES) (CHW) |
| | : | |
| TIMOTHY C. WARD, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |
| | : | |

## **ORDER**

Plaintiff David Zavala has filed two discovery-related motions, the first titled "Plaintiff's Discovery Request from the Court and Petitions to Forward Initial Discovery Request to Defendants" (Doc. 115) and the second titled "Plaintiff's Request for Documents." (Doc. 116). For the reasons set forth below, both motions are **DENIED**.

In the first motion, Plaintiff "request[s] the court issuance of discovery held in the court's custody and petitioning the court to forward defendants a copy of request filed for the record." (Doc. 115, p. 1). The motion then lists 23 requests for production of documents. The Court does not have custody of such documents and has neither the authority nor the responsibility to provide discovery to Plaintiff. Plaintiff must obtain discovery from Defendants or other parties according to the provisions of the Federal Rules of Civil Procedure and this Court's discovery order. (Doc. 11).

In the second motion, Plaintiff contends that his legal documents were taken from him when he was transferred to a United States Bureau of Prisons facility in California, and he requests that the Court provide him with copies of 27 documents filed on the docket of this case. Litigants proceeding *in forma pauperis* are not entitled to free copies of documents, and the Eleventh Circuit

1

"has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding *in forma pauperis,* to free copies of court documents, including his own [documents]." *Jackson v. Florida Dep't of Fin. Servs.*, 479 F. App'x 289, 292-93 (11th Cir. 2012); see also *Harless v. United States*, 329 F.2d 397, 398–99 (5th Cir. 1964) ("The statutory right to proceed *in forma pauperis* does not include the right to obtain copies of court orders, indictments, and transcript of record, without payment therefor, for use in proposed or prospective litigation."). Nevertheless, the Court may, in its discretion, waive certain costs associated with litigating a case. See *Ang v. Coastal Int'l Sec., Inc.*, 417 F. App'x 836, 838 (11th Cir. 2011).

The documents Plaintiff requests all pre-date the appeal of this case and have no relevance to any issues presently before the Court. The Court of Appeals has affirmed the Court's entry of dismissal as to all of Plaintiff's claims except one, the claim related to Grievance Number 281515, in which Plaintiff alleges that Defendant Polite assaulted Plaintiff during a cell extraction on December 31, 2018. (Doc. 37-7, p. 5). That claim is the only matter now pending before the Court. The Court cannot and will not relitigate the various issues raised in the documents Plaintiff requests. Nevertheless, the Clerk of Court is **DIRECTED** to forward to Plaintiff copies of his Complaint, with attachments (Doc. 1), the Court's screening and discovery order (Doc. 11), and Grievance Number 281515. (Doc. 37-7).

Plaintiff's second motion also includes a "Motion to Correct Clerical Error," in which Plaintiff seeks to confirm that he requested a jury trial in his original complaint. The record shows that Plaintiff did request a jury trial in his complaint. (Doc. 1, p. 20). Plaintiff also states that he "has an excessive use of force claim & failure to intervene claims on both Polite & Defendant Alfred Evans, whom the U.S. Marshal Service never made service on." (Doc. 116, pp. 3-4). Although Plaintiff did not name Defendant Evans in Grievance Number 281515, he alleges in his

2

complaint that Evans participated in the assault on December 31, 2018, by repeatedly shocking Plaintiff with a shock shield while Defendant Polite beat him. (Doc. 1, p. 7). In its screening order (Doc. 11), the Court ordered service on Evans, but the record shows that the Marshals Service did not effect personal service after a request for waiver of service was returned as undeliverable on April 24, 2020. (Doc. 20). Plaintiff did not take note of the fact that Evans had not been served and had not filed an answer, and Plaintiff never sought to provide the Court with further information to assist with locating Evans. The Recommendation to Dismiss (Doc. 71), which was adopted by the Court (Doc. 73), noted that Evans had not been served and found that Plaintiff's claims against Defendant Evans were subject to dismissal both for failure to exhaust and for failure to effect service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Neither of these grounds was addressed in the order of the Court of Appeals. The Court of Appeals held that the issues raised in Grievance Number 281515 were fully exhausted. This grievance only exhausted a claim as to Defendant Polite and does not mention Evans or any other officer allegedly involved in the assault. The Court of Appeals also did not address the failure to perfect service on Evans and dismissal on Rule 4(m) grounds. As was explained in the Recommendation to dismiss, although Plaintiff is proceeding *in forma pauperis* and is entitled to rely on the Court to effect service, he ultimately must bear the responsibility for the failure to effect service on Evans. "*In forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). Even so, *in forma pauperis* litigants may not remain silent and do nothing to help effectuate service of process. *Id*. At a minimum, an *in forma pauperis* litigant should request service upon the appropriate defendants and attempt to remedy any apparent service

defects of which he has knowledge. *Id*.  This responsibility is particularly important in a case such as this one, in which a *pro se* litigant is seeking to litigate multiple claims against sixteen different defendants. Plaintiff's claims against Evans were dismissed prior to the appeal and will not be re-litigated now.

    **SO ORDERED**, this 6th day of August, 2024.

                                          s/ Charles H. Weigle  
                                          Charles H. Weigle  
                                          United States Magistrate Judge