IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID ZAVALA, | : |
| **Plaintiff,** | : |
| v. | : Case No. 5:19-cv-383-TES-CHW |
| TIMOTHY C. WARD, *et al.*, | : Proceedings Under 42 U.S.C. § 1983 |
| | : Before the U.S. Magistrate Judge |
| **Defendants.** | : |

## **ORDER**

Pending before the Court are Plaintiff's motion to appoint counsel (Doc. 119) and petition for orders (Doc. 120). Plaintiff has already requested and been denied court appointed counsel in this matter (Docs. 2, 7, 11, 67, 71), but this is the first request since the case was remanded on appeal. In this latest motion, Plaintiff references a case in another district and states that his vision has become impaired, for which treatment has been delayed, such that he requires appointment of counsel. Plaintiff's complaint described ongoing vision issues, which were known to the Court when his original motions for counsel were denied. Notably, the record demonstrates that any issues Plaintiff may have with his vision have not impeded his ability to litigate this case. Plaintiff litigated this matter through an appeal (Docs. 107, 108). In addition to the present motions, he has since filed a motion to stay this case (Doc. 110), motions regarding discovery (Docs. 115, 116, 118), and an objection to a non-dispositive order. (Doc. 113). There has been no change in the posture of the case and no exceptional circumstances exist that require the appointment of counsel. Based upon these considerations and the authority cited in Court's previous denials of Plaintiff's previous motions (Docs. 11, 71), Plaintiff's motion to appoint counsel (Doc. 119) is hereby **DENIED**.

Plaintiff has also filed a petition for orders (Doc. 120), wherein he asks that the Court direct the prison officials at his current federal prison to correct legal mail violations, assist him to recover certain property and documents, issue an order to prison officials explaining the deadlines that apply to Plaintiff, and direct prison officials to have Plaintiff's medical needs addressed. The relief that Plaintiff seeks is akin to injunctive relief, which this Court has no authority to grant because these officials are not parties to this action. *Infant Formula Antitrust Litigation, MDL 878 v, Abbott Laboratories*, 72 F.3d 842, 842-843 (11th Cir. 1995) (holding that a court lacks subject matter jurisdiction to issue an injunction against a non-party). To the extent, Plaintiff requests that certain documents be provided to him, the Court has addressed Plaintiff's concerns and directed the Clerk of Court to provide certain relevant documents. (Doc. 117, p. 2). Based on the foregoing, Plaintiff's petition for orders (Doc. 120) is **DENIED**.

**SO ORDERED**, this 11th day of September, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
