# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DAVID ZAVALA,**  *Plaintiff,*  v.  **Commissioner TIMOTHY WARD,** *et al.,*  *Defendants.* | **CIVIL ACTION NO. 5:19-cv-00383-TES-CHW** |

## ORDER

On August 7, 2024, Judge Weigle issued an Order [Doc. 117] denying Plaintiff David Zavala's requests for discovery. *See* [Doc. 115]; [Doc. 116]. In his first request, Plaintiff sought "discovery held in the court's custody," and "petition[ed] the court to forward defendants a copy of request filed for the record." [Doc. 115, p. 1]. In Plaintiff's second request, he contended that his legal documents were taken from him when he was transferred to a United States Bureau of Prisons facility in California, and he requested that the Court provide him with copies of 27 documents filed on the docket of this case. [Doc. 116]. Judge Weigle largely denied both requests. [Doc. 117]. Judge Weigle did direct the Clerk of Court to forward Plaintiff "copies of his Complaint, with attachments, the Court's screening and discovery order, and Grievance Number

281515." [*Id.* at p. 2].[1]

On September 17, 2024, Plaintiff filed two additional documents. The first is entitled "Petition to Accept Out-of-Time Objections," [Doc. 123], and the second is a Motion to Compel Discovery [Doc. 124].

## DISCUSSION

Since Judge Weigle clearly acted within his statutorily-granted authority in deciding a nondispositive motion, the Court construes Plaintiff's "Petition to Accept Out-of-Time Objections" as objections under Federal Rule of Civil Procedure 72(a). *See* 28 U.S.C. 636(b)(1)(A). That means the Court may only disturb Judge Weigle's ruling when it is "shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

"Clear error is a highly deferential standard of review." *Holton v. City Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted); *see also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district [judge] can overturn the magistrate judge's ruling

---

[1] Judge Weigle issued other Orders in the interim, but those do not appear to be the focus of Plaintiff's objections. *See* [Doc. 121]; [Doc. 122].

only if the district court is left with the definite and firm conviction that a mistake has been made.").

Upon review of the Order and Plaintiff's objections, the finds no clear error in Judge Weigle's decision. Contrary to Plaintiff's contentions, the Court does not participate in discovery by sending requests between the parties or by supplying copies of documents otherwise available. Accordingly, the Court **OVERRULES** Plaintiff's Objections [Doc. 123] to Judge Weigle's Order [Doc. 117].

As to Plaintiff's Motion to Compel, the Court construes a portion of it as additional objections to Judge Weigle's Order. *See* [Doc. 124, p. 1 ("Section A: Discovery Requests to the Court.")]. As Judge Weigle explained, "the Court does not have custody of such documents and has neither the authority nor the responsibility to provide discovery to Plaintiff. Plaintiff must obtain discovery from Defendants or other parties according to the provisions of the Federal Rules of Civil Procedure and this Court's discovery order." [Doc. 117, p. 1]. Again, the Court finds no clear error in Judge Weigle's explanation, and therefore, **OVERRULES** Plaintiff's objections in Section A of his Motion to Compel [Doc. 123].

Finally, Section B of Plaintiff's Motion to Compel asks the Court to direct defense counsel to respond to his discovery requests. Plaintiff contends that defense counsel has not responded to his requests for "almost 2 months." [Doc. 124, p. 2]. Accordingly, the Court **DIRECTS** Defendant to **RESPOND** to Plaintiff's Motion to Compel **within 21**

**days of this Order**. After Defendant responds, Plaintiff's Motion to Compel shall be referred to Judge Weigle for consideration.

**SO ORDERED**, this 18th day of September, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
