IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID ZAVALA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:19-cv-383-TES-CHW |
| | : | |
| TIMOTHY C. WARD, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |
| | : | |

## ORDER

Pending before the Court is the remaining portion of Plaintiff's motion to compel. (Doc. 124). The Court recently overruled Plaintiff's objections in "Section A" of the motion to compel and ordered Defendant to respond to "Section B" of the motion. (Doc. 125). Defendant responded as directed and showed that he mailed his discovery responses on September 4, 2024. (Doc. 126). Because Defendant has responded to Plaintiff's discovery, Plaintiff's motion to compel (Doc. 124) is **DENIED as moot**.

In his response to Defendant's motion to compel, however, Defendant suggests that Plaintiff obtain many of his requested documents by subpoena to the Georgia Department of Corrections (GDC), now that Defendant is no longer employed by the GDC. (Doc. 126). This case has a prolonged procedural history, and Defendant Polite is the only remaining defendant. Defendant's suggestion that Plaintiff may subpoena certain records, while true, is not judicially efficient, especially considering that Plaintiff is incarcerated in a federal prison.

A *pro se* plaintiff may be entitled to the issuance of a third-party subpoena only upon Court approval. *Wright v. Young*, 2012 WL 3024431, *1 (N.D.Fla., July 24, 2012). A request for the issuance of a subpoena should be granted only if the request is within the proper scope of discovery

and "the documents sought are not equally available from [the defendant] through a request for production of documents." *Id*. Pursuant to this guidance and in its inherent ability to monitor its own docket and the discovery process, the Court has reviewed Plaintiff's discovery requests and Defendant's responses to determine if further inquiry by Defendant is necessary. The Court finds that the following requests are relevant and appropriately tailored to Plaintiff's remaining claim. Any omitted subsections were deemed to not be appropriate requests under the Federal Rules of Civil Procedure.

Request for Production of Documents

- Request No. 2 – A copy of the GDC policies (Standard Operating Procedures) regarding (a) use-of-force (b) Tier III/SMU operations (c) strip-cell procedures and (d) an index of all GDC SOPs.
- Request No. 4 – A copy of all and any documents pertaining to the December 31, 2018 excessive force incident including but not limited to" (a) all incident reports (b) witness statements (c) strip cell procedures/records (d) staff reports (e) medical assessment
- Request No. 9 – Plaintiff seeks all and any documents pertaining to the investigation conducted by the Office of Professional Standards-Criminal Investigations Division regarding Grievance Number 218515 concerning the use of force and corporal punishment claim, including the investigators' names and contact info.
- Request No. 10 – Plaintiff seeks a copy of all and any documents and information pertaining to the Shock Shield (less lethal weapon device) used on the incident of December 31, 2018, including but not limited to: (a) manufacturer make and model (b) charge and voltage info (c) instruction/training manual (d) any policy and/or SOP governing use, qualifications and certifications for the use of such.
- Request No. 13 – Plaintiff requests the ENTIRE FOOTAGE taken on both cameras (hand cameras/camcorders) during the alleged use of force on December 31, 2018.

To avoid the unnecessary expense and delay of requiring the Court to server third-party subpoenas at a later time, counsel for Defendant is **DIRECTED** to confer with the with the

appropriate Georgia Department of Corrections staff to determine whether there any items responsive to the above requests. As to Request No. 13, specifically, Defendant should confer with the appropriate staff to determine whether there were cameras (stationary, mounted, hand-held, or body-worn) in use during the alleged use of force incident on December 31, 2018, whether those cameras recorded the event alleged by Plaintiff, whether those recordings have been preserved, and the identity of the custodian of those recordings. If the recordings have not been preserved, Defendant will be expected to explain in detail why the recordings have not been preserved.

Because the previously extended discovery period has expired, discovery is **REOPENED and EXTENDED** until November 15, 2024, by which time Defendant's counsel shall seek to obtain the items responsive to Plaintiff's discovery as directed above. If Defendant is unable to obtain the discovery or items related to existence of such items by that date, the Court will reconsider whether to issue any necessary third-party subpoenas to obtain the evidence. Unless further extended by the Court, dispositive motions will be due December 16, 2024.

**SO ORDERED**, this 7th day of October, 2024.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge