# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DAVID ZAVALA,**  *Plaintiff,*  v.  **Commissioner TIMOTHY WARD,** *et al.,*  *Defendants.* | **CIVIL ACTION NO. 5:19-cv-00363-TES-CHW** |

## ORDER

On September 11, 2024, Judge Weigle issued an Order [Doc. 122] denying Plaintiff David Zavala's Motion to Appoint Counsel [Doc. 119], and "Petition for Orders" [Doc. 120].[1] Following Judge Weigle's Order, Plaintiff filed Objections challenging Judge Weigle's decision.

## **DISCUSSION**

Since Judge Weigle clearly acted within his statutorily granted authority in deciding a nondispositive motion, the Court may only disturb Judge Weigle's ruling when it is "shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A).

---

[1] In this "Petition," Plaintiff asked the Court to "direct the prison officials at his current federal prison to correct legal mail violations, assist him to recover certain property and documents, issue an order to prison officials explaining the deadlines that apply to Plaintiff, and direct prison officials to have Plaintiff's medical needs addressed." [Doc. 122, p. 2].

"Clear error is a highly deferential standard of review." *Holton v. City Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted); *see also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district [judge] can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").

Upon review of the Order and Plaintiff's objections, the Court finds no clear error in Judge Weigle's decision. Contrary to Plaintiff's contentions, Judge Weigle considered the facts of this case, along with Plaintiff's ability to prosecute this action without appointed counsel. Even more, Judge Weigle correctly noted that the Court may not enjoin non-parties' actions in this matter. If Plaintiff intends to challenge the actions of those non-parties as it relates to legal mail and his First or Eighth Amendment rights, he should file a new case. Accordingly, the Court **OVERRULES** Plaintiff's Objections [Doc. 130] to Judge Weigle's Order [Doc. 122].

**SO ORDERED**, this 4th day of November, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**