IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID ZAVALA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:19-cv-383-TES-CHW |
| | : | |
| TIMOTHY C. WARD, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |
| | : | |

## ORDER AND RECOMMENDATION

Pending before the Court are several motions relating to Plaintiff's requests for court records and other discovery. For the reasons explained below, these motions are either moot or without merit.

**Motion to Issue Subpoenas or to Compel (Doc. 129)**

Plaintiff previously requested that Defendant Polite answer and provide certain discovery. *See, e.g.* (Doc. 124). Defendant responded that he was not in possession of many of the documents that Plaintiff requested and suggested that Plaintiff could seek subpoenas for the information. (Doc. 126). In the interest of judicial economy, the Court directed Defendant to request documents responsive to five of Plaintiff's requests in lieu of having to issue third-party subpoenas for requests. These five requests were ones that the Court determined to be relevant and related to the surviving claim in this case under the Rules of Civil Procedure. (Doc. 128).

Following receipt of Defendant's responses (Doc. 126), Plaintiff filed another motion for subpoenas, or alternatively to compel Defendant to respond to discovery. (Doc. 129). He then filed a reply further clarifying that Defendant's responses to certain requests were inadequate. (Doc. 134). The Court had considered Plaintiff's requests and Defendant's responses when it ordered

1

Defendant to supplement his responses instead of issuing subpoenas. (Doc. 128). No further supplementation for any other request is required. Plaintiff also suggests that sanctions are warranted for Defendant's delayed responses. *See* (Doc. 134). The Court finds no basis for the imposition of sanctions.

Based upon the Court's order directing Defendant to supplement his responses (Doc. 128), Plaintiff's admission that he received responses to the discovery ((Doc. 134); *see also* (Doc. 139, p. 4)), and Defendant's statement that he complied with the Court's order (Doc. 132), Plaintiff's further request for subpoenas or to compel (Doc. 129) **is DENIED as moot.**

**Motion to Compel (Doc. 133)**

Plaintiff filed a motion to compel Defendant to confer with him about missing discovery requests and for an extension of discovery. (Doc. 133). Plaintiff complained that Defendant had not answered Requests for Admissions and Interrogatories despite many attempts to follow-up with defense counsel. (*Id.*) Defendant, through counsel, responded and explained that counsel had not received the requests and interrogatories until Plaintiff's motion was docketed with the Court, and Defendant in turn responded accordingly. (Doc. 137). Therefore, Plaintiff's motion to compel and for extension of discovery (Doc. 133) is **DENIED as moot**.

**Motion for Leave to Depose (Doc. 135)**

Plaintiff filed a motion seeking to depose several individuals by written questions. (Doc. 135). He submitted this motion on November 11, 2024, four days before discovery was set to expire. *See* (Doc. 128) (order reopening and extending until November 15, 2024). Notwithstanding the lateness of Plaintiff's request, Plaintiff's request is not appropriate at this time. First, Plaintiff asked to depose Jonas Goody, who was the grievance coordinator at the prison where Plaintiff's claim took place. (Doc. 135, p. 2). Plaintiff explained that Mr. Goody's deposition is needed to

show issues that occurred when Plaintiff filed grievances for his claims. As the Court has explained to Plaintiff, only one claim against Defendant Polite remains following Plaintiff's appeal and no issues surrounding Plaintiff's exhaustion of remedies remain to be decided. *See* (Doc. 117). Therefore, Plaintiff does not need to depose Mr. Goody as requested. The remainder of the proposed deponents, Raul Prado, Tavares Harris, and Brian Nichols, are inmates at various Georgia prisons, whose depositions, according to Plaintiff, are needed for *trial*. (Doc. 135, p. 2-4). The request to take these depositions four days before discovery closes will only serve to delay this case, and Plaintiff has provided no explanation for the delayed request. Defendant's motion for summary judgment has been filed, and there is no indication that further discovery is necessary for Plaintiff to respond to the motion. Because Plaintiff's motion to depose these inmates is not warranteded at this time, Plaintiff's motion for leave to depose (Doc. 135) is **DENIED**. Should this case proceed to trial, Plaintiff may renew his request to depose Mr. Prado, Mr. Harris, and Mr. Nichols by written questions for purposes of trial.

**Motion for Relief from Order Under Rule 60(b) (Doc. 139)**

Plaintiff has filed a motion asking the Court to reconsider a previous ruling (Docs. 117, 125) about his request for the original grievance receipts attached to his complaint. (Doc. 139). Plaintiff argues the Court misunderstood or overlooked that he was asking for the return of his original grievance receipts. (Docs. 115, 139). Although under no obligation to do so, the Court directed the Clerk to mail Plaintiff a copy of his complaint and attachments. (Doc. 117). Plaintiff acknowledges that order in his motion but now says he needs the originals he filed to obtain information from the back of the grievance receipts. (Doc. 139). As noted above, issues related to Plaintiff's efforts to exhaust his claims in this case are no longer before the Court, and Plaintiff does not need the information found on a grievance receipt to prosecute the remaining claim

3

against Defendant Polite. The Court has provided a copy of the complaint and its attachments. It is therefore **RECOMMENDED** that Plaintiff's motion for relief or reconsideration under Rule 60(b) (Doc. 139) be **DENIED**. Plaintiff has also requested a telephonic hearing about his request (Doc. 139, p. 6-7), but no hearing is required based upon this recommendation.

**Motion to Compel Discovery and Extension of Time to Respond (Doc. 143).**

Plaintiff has again filed a motion to compel discovery and for a 90-day extension to respond to Defendant's motion for summary judgment. (Doc. 143). As explained below, this motion is **DENIED in part and GRANTED in part**.

In his motion to compel, Plaintiff specifically requests:

(1) all relevant discovery materials in this case;

(2) that the Court issues orders so that the Defendants and Court clerk provide discovery responses to:

    a. Request for Interrogatories

    b. Requests for Admissions

    c. Request for the E & F wing stationary cameras

    d. Full Medical Records

    e. Writing address and contact information of a paroled inmate, Raul Prado, and

    f. The original grievance receipts sought via the Rule 60(b) motion. (*Id.*)

Defendant has answered Plaintiff's interrogatories and requests for admissions. *See* (Doc. 137). As explained above, the Court has also recommended that the Plaintiff's Rule 60(b) motion (Doc. 139) be denied. Regarding the remaining items, there is no basis to compel Defendant to further answer the requests for camera footage, Plaintiff's full medical records, and contact information for Mr. Prado.

4

Plaintiff assumes that there is footage from stationary cameras, but nothing in the record suggests this footage is available to be produced. Assuming the footage existed and was preserved, the Court did not direct Defendant to supplement his response to this request because Plaintiff did not narrowly tailor his request for the footage. *See* (Doc. 128). For example, Plaintiff seeks camera footage from two prison wings, which potentially spans three to fourteen days. *See* (Doc. 126-1, p. 6-7, ¶ 14). The request, in and of itself, is overly broad and unduly burdensome, and the Court will not compel Defendant to further supplement his response to this request.

This case has had a prolonged procedural history with overlapping motions, responses, replies, and orders. However, in the Court's review of the docket, no request for Plaintiff's full medical records was found. Plaintiff requested a medical assessment in Request to Produce No. 4 (Doc. 126-1, p. 5, ¶ 4), and Defendant provided several documents in response to that request (Doc. 132). Defendant also included a use of force assessment with his motion for summary judgment (Doc. 140-5) and referenced that assessment in Defendant's response to Interrogatory No. 8. (Doc. 137-1, p. 3, ¶ 8). In the event the Court overlooked where Defendant requested his full medical records in discovery, such a request would also be overly broad and unduly burdensome, especially because Plaintiff fails to explain how his full medical records would be relevant to the incident involving Defendant Polite. The Court finds no basis to compel Defendant to provide Plaintiff's full medical records in this case.

Plaintiff's request that Defendant be compelled to disclose the current contact information for Mr. Prado is also denied. Nothing in the record suggests that Defendant is in possession of this information or would be privy to this information, especially if Plaintiff has been paroled as Plaintiff suggests.

Because the Court's consideration of these motions overlapped with Plaintiff's time to respond to Defendant's motion for summary judgment (Doc. 140), Plaintiff's motion for extension of time to respond (Doc. 143) is **GRANTED in part**. Plaintiff's deadline to respond to Plaintiff's motion for summary judgment is hereby extended until **February 14, 2025**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. Any objection is limited in length to **TWENTY (20) PAGES.** *See* M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED**, this 3rd day of January, 2025.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge