IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID ZAVALA,<br><br>    *Plaintiff*,<br><br>v.<br><br>Commissioner TIMOTHY WARD, *et al.*,<br><br>    *Defendants.* | CIVIL ACTION NO.<br>5:19-cv-00383-TES-CHW |

## ORDER

On October 28, 2026, Plaintiff filed a Notice of Appeal [Doc. 160] as to the Court's

Order [Doc. 158] adopting the magistrate judge's report and recommendations [Doc.

150] and ultimately granting Defendant Polite's Motion for Summary Judgment [Doc.

140]. On November 25, 2025, the Eleventh Circuit issued a Mandate Dismissing

Plaintiff's appeal for want of prosecution because Plaintiff "failed to pay the filing and

docketing fees (or file a motion in the district court for relief from the obligation to pay

in advance the full fee) to the district court and failed to comply with the rules on

Certificates of Interested Persons and Corporate Disclosure Statements within the time

fixed by the rules . . ." [Doc. 163].

In response, Plaintiff filed a motion in this Court to recall the Eleventh Circuit's

mandate on January 16, 2026. [Doc. 164]. On January 19, 2026, this Court issued an

Order denying Plaintiff's Motion [Doc. 164] and, in doing so, explained that "[t]his Court has no power or authority to recall the mandate of a higher court, namely the Court of Appeals for the Eleventh Circuit." [Doc. 165]. Taking apparent issue with the Court's order, Plaintiff filed an Objection to Recent Orders and Motion for Relief Under Rule 60(b) of Fed. R. Civ. Pro. On April 6, 2026 [Doc. 166].

In his Objection, Plaintiff complains again that he never received "IFP, CIP, and TOF forms from this Court or the Appellate Court." [Doc. 166, p. 1]. He then states that he did obtain the forms and refiled them in both courts.[1] [*Id.*]. Plaintiff proceeds to "object to recent orders (Doc. 165) and request[s] that the IFP, CIP, and TOF submitted on February 8, 2026 be processed" and that "[i]f not received [he] respectfully request[s] these forms be provided again so he can re-file and remedy the delays where were no fault of [his] own." [*Id.* at p. 2]. Plaintiff adds that the Eleventh Circuit clerks "claim [his] IFP must first be processed in this Court." [*Id.*].

As it seems Plaintiff is now aware, he must file a motion to proceed IFP with the appropriate court or pay the Eleventh Circuit's required filing fee to proceed with his case. To give Plaintiff every opportunity to do so, the Clerk of Court is directed to send

---

[1] While Plaintiff claims that he has filed the appropriate forms with both this Court and the Eleventh Circuit, neither docket reflects that the forms have been filed. *See generally* Docket, *Zavala v. Ward*, No. 25-13868-D (11th Cir. Oct. 28, 2025). In fact, on January 15, 2026, Plaintiff filed a Motion to Reinstate Appeal with the Eleventh Circuit, to which the Eleventh Circuit promptly responded and let Plaintiff know that "[t]he deficiencies that caused [his] case to be dismissed have not been remedied." See *Zavala v. Ward*, No. 25-13868-D (11th Cir. Oct. 28, 2025) (Motion to Reinstate Appeal filed Jan. 15, 2026); *Zavala v. Ward*, No. 25-13868-D (11th Cir. Oct. 28, 2025) (Notice That No Action Taken on Motion filed Jan. 15, 2026).

Plaintiff the documents required for him to file a motion to proceed IFP on appeal.

Plaintiff, however, is responsible for preparing and filing any other forms required for

proceeding in the Eleventh Circuit.

  **SO ORDERED**, this 30th day of April, 2026.

        S/ Tilman E. Self, III

        **TILMAN E. SELF, III, JUDGE**
        **UNITED STATES DISTRICT COURT**