IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID ZAVALA, <br><br> *Plaintiff,* <br><br> v. <br><br> Commissioner TIMOTHY WARD, *et al.,* <br><br> *Defendants.* | CIVIL ACTION NO. <br> **5:19-cv-00383-TES-CHW** |

## ORDER

Before the Court is Plaintiff David Zavala's Motion to Appeal *In Forma Pauperis*.

[Doc. 169].

### A.    *In Forma Pauperis* Standard

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and

Federal Rule of Appellate Procedure 24. Section 1915 provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3). Similarly, Appellate Rule 24(a) provides:

> [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
> . . .
>
> If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. R. 24(a)(1)–(2).

Thus, pursuant to both provisions, the district court may authorize an appeal of a civil action without prepayment of fees if (1) the party submits "an affidavit that includes a statement of all assets," describes the nature of the appeal, and declares the affiant's belief in his entitlement to redress; and (2) the appeal is taken in good faith. 28 U.S.C. § 1915(a); *see also* Fed. R. App. P. 24(a).

### B.     Ability or Inability to Pay the Filing Fee

First, by review of an affidavit, the Court must determine whether a party is financially able to pay the filing fee required for an appeal. Plaintiff claims to have limited assets and income. *See* [Doc. 169]. Therefore, he has adequately shown the Court that he is unable to pay the required appellate filing fee.

### C.     Movant Has Made a Showing of Good Faith

Next, the Court considers whether Plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D.

Fla. 1999). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

A statement of the issues an appellant intends to appeal is required under Fed. R. App. P. 24(a)(1)(C). Here, Plaintiff seeks appellate review of the Court's dismissal of his case [Doc. 168, p. 2]. While the Court stands by its ruling, it will give Plaintiff the benefit of the doubt and allow him to proceed *in forma pauperis* on appeal.

Accordingly, the Court **GRANTS** Plaintiff David Zavala's Motion to Appeal *In Forma Pauperis* [Doc. 169].

**SO ORDERED**, this 6th day of May, 2026.

S/ Tilman E. Self, III_____
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**

3